# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs December 7, 2010

## RONNIE BRADFIELD v. HENRY STEWARD, ACTING WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6374      Joe H. Walker, III, Judge**

**No. W2010-01747-CCA-R3-HC  - Filed January 27, 2011**

The *pro se* petitioner, Ronnie Bradfield, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for writ of habeas corpus.  Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Ronnie Bradfield, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Leslie E. Price, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS and PROCEDURAL HISTORY

In 1993, the petitioner was convicted of three counts of attempted second degree murder for having fired gunshots at Memphis police officers who were attempting to apprehend him after he had made threatening telephone calls to the mayor's office and to the director of police.  See State v. Ronnie Bradfield, No. 02C01-9306-CR-00112, 1995 WL 422787, at *1 (Tenn. Crim. App. July 19, 1995), perm. to appeal denied (Tenn. Sept. 3, 1996).  As a bailiff was taking him into custody immediately following the sentencing hearing in that case, the petitioner removed a pistol from his shoe and, during the ensuing struggle, threatened the bailiff that he was "going to 'shoot [his] ass.'"  State v. Bradfield, 973 S.W.2d 937, 947-48 (Tenn. Crim. App. 1997).  Consequently, the petitioner was later additionally convicted of attempted first degree murder, being a felon in possession of a

firearm, and carrying a firearm during judicial proceedings.  Id. at 941.

The petitioner subsequently filed a post-conviction petition in the attempted second degree murder cases, alleging ineffective assistance of counsel.  The petition was denied, and this court affirmed the judgment of the post-conviction court on appeal.  Ronnie Bradfield v. State, No. W1999-02344-CCA-R3-PC, 2001 WL 277950, at *1 (Tenn. Crim. App. Mar. 9, 2001).  The petitioner then challenged both sets of convictions in a 2008 petition for writ of habeas corpus, which was summarily dismissed by the habeas court.  This court affirmed the dismissal of the petition, and our supreme court denied the petitioner's application for permission to appeal.  Ronnie Bradfield v. Tony Parker, Warden, No. W2008-02231-CCA-R3-HC, 2009 WL 1634887, at *1 (Tenn. Crim. App. June 10, 2009), perm. to appeal denied (Tenn. Oct. 26, 2009).

On January 25, 2010, the petitioner filed the habeas corpus petition at issue in this case, alleging that his Sixth Amendment right to confrontation was violated in both cases by the admission of "affidavits, certificates, reports and statements" without the testimony of the individuals who prepared the various reports or statements.  On January 28, 2010, the habeas court entered an order summarily dismissing the petition on the grounds that the petitioner had failed to allege any facts that would result in void judgments.  This appeal followed.

## ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).  As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions.  Id.

We conclude that the habeas corpus court's summary dismissal of the petition was proper.  It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired.  Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998).  A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment."  Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).  A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence.  Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing."  Summers, 212 S.W.3d at 260

(citing <u>Hogan v. Mills</u>, 168 S.W.3d 753, 755 (Tenn. 2005)).

The petitioner complains that the State's submission to the court of "certificates and affidavits" that dealt with ballistics evidence and the petitioner's mental competency to stand trial, without the testimony of the individuals who prepared those reports, violated his right to confrontation as set forth in <u>Melendez-Diaz v. Massachusetts</u>, __ U.S. __, 129 S. Ct. 2527 (2009). However, as the State points out, such allegations, even if true, would at most result in voidable, rather than void, judgments. <u>See</u> <u>Kevin O. Hooks v. Steven Dotson, Warden</u>, No. W2009-02630-CCA-R3-HC, 2010 WL 2787694, at *2 (Tenn. Crim. App. July 15, 2010) (noting that "allegations regarding . . . evidentiary rulings are claims that, if proven, would render the challenged judgments voidable rather than void; therefore, they do not present cognizable claims for habeas corpus relief"); <u>James P. Hyde v. Howard Carlton, Warden</u>, No. E2003-00599-CCA-R3-PC, 2003 WL 21766620, at *2 (Tenn. Crim. App. July 31, 2003) (holding that a petitioner's allegation that his right to confrontation had been violated at trial did not constitute a cognizable claim in a habeas corpus proceeding because even if true, it would result in a voidable, rather than void, judgment). The petitioner has, therefore, failed to meet his burden of showing that his judgments are void or his sentences expired.

## **CONCLUSION**

We conclude that the petitioner's allegations do not entitle him to habeas corpus relief. Accordingly, we affirm the summary dismissal of his petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE

-3-